| | |
|---|---|
| MATTHEW J. GOMEZ, | Case No.: 1:17-cv-01719-SAB (PC) |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION |
| v. | |
| FBI, | FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO COMPLY WITH A COURT ORDER AND FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF |
| Defendant. | |
| | [ECF No. 17] |

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

Plaintiff Matthew J. Gomez is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff initiated this action on December 14, 2017, in the United States District Court for the Central District of California. (ECF No. 1.) On December 20, 2017, the action was transferred to this Court.

///
///
///
///

1

On February 1, 2018, the Court found that Plaintiff's complaint failed to state a cognizable claim for relief, and granted Plaintiff leave to file an amended complaint within thirty days. (ECF No. 17.) Plaintiff was warned that if he failed to comply, the Court would recommend that the action be dismissed for failure to state a cognizable claim for relief. More than thirty days have passed, and Plaintiff has not complied with or otherwise responded to the order.

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles Cnty., 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. Id. (citation omitted).

Based on Plaintiff's failure to comply with or otherwise respond to the Court's order, the Court is left with no alternative but to recommend dismissal of the action. Id. This action can proceed no further without Plaintiff's cooperation and compliance with the order at issue, and the action cannot simply remain idle on the Court's docket, unprosecuted. Id.

Accordingly, this action is HEREBY RECOMMENDED that:

1. This action be dismissed for failure to state a cognizable claim for relief; and
2. The Clerk of Court is directed to randomly assign a District Judge to this action

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may

///
///

result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __March 12, 2018__

UNITED STATES MAGISTRATE JUDGE